**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 1:17-CR-98** |
| | § | |
| | § | |
| | § | |
| **DARRELL JOSHUA BENDY** | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION**

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision" filed April 29, 2025, alleging that the Defendant, Darrell Joshua Bendy, violated his conditions of supervised release. This matter is referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

**I. The Original Conviction and Sentence**

Bendy was sentenced on March 28, 2018, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of VI, was 51 to 63 months. Bendy was subsequently sentenced to 63 months' imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, obtaining a high

school equivalency certificate, restrictions on psychoactive substances, and a $100 special assessment fee.

## II. The Period of Supervision

On May 25, 2022, Bendy completed his period of imprisonment and began service of the supervision term in the Southern District of Texas, Houston Division. Jurisdiction in this case was transferred to the Southern District of Texas, on or about February 6, 2024. However, on November 6, 2024, Bendy was indicted in Counts 1 and 8, United States District Court, Eastern District of Texas, Case No. 1:24CR109. As such, jurisdiction was transferred back to the Eastern District of Texas on or about January 15, 2025.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising six allegations. The petition alleges that Bendy violated the following conditions of release:

> Allegations 1, 2, 3, 5: Defendant shall not commit another federal, state, or local crime.
>
> Allegation 4: Defendant must not own, possess, or have access to a firearm, ammunition, destructive, device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
>
> Allegation 6:
> Defendant must not communicate or interact with someone he knows is engaged in criminal activity. If he knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

## IV. Proceedings

On September 22, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant

violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, Defendant denied Allegations 1 and 2 of the Petition. Defendant also stated that he wanted to ensure that the revocation proceeding would not affect his appeal of convictions in Case No. 1:24-CR-109. The Government represented that Allegations 1 and 2 relate to Defendant's convictions in that case and abandoned the remaining allegations. The Government tendered, without objection, a certified copy of the judgment entered in Case No. 1:24-CR-109, reflecting Defendant's convictions on Counts 1 and 8. The judgment was admitted into evidence. The Government presented no further evidence, and Defendant presented no witnesses or evidence.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by committing offenses of Conspiracy to Possess with Intent to Distribute Methamphetamine and/or Possession of a Controlled Substance with Intent to Distribute, the Defendant will be guilty of committing a Grade A violation. U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court should conduct an individualized assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade A violation and a criminal history category of VI, the policy statement imprisonment range is 33 to 41 months. However, the maximum term of imprisonment is 2 years. Therefore, the guideline imprisonment range is 24 months.

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

U.S.S.G. § 7C1.1(b) indicates where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.

According to U.S.S.G. § 7C1.4(b), any term of imprisonment imposed upon the revocation of supervised release generally should be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release.

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

According to U.S.S.G. § 7C1.5, application note 2, upon a finding that a defendant violated a condition of supervised release by being in possession of a controlled substance, the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

**VI. Application**

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade A violation and the criminal history category is VI. The policy statement range in the Guidelines Manual is 33 to 41 months. Based upon the Judgment of conviction, the undersigned finds by a preponderance of the evidence that Defendant violated the conditions of his supervised release listed in Allegations 1 and 2. This finding is based solely upon the judgment entered in Case No. 1:24-CR-109 and does not constitute an independent determination regarding the merits of the

underlying convictions or any other admissions made by the Defendant. The undersigned recommends that Defendant's supervised release be revoked and that Defendant be sentenced to twelve (12) months' imprisonment, to run consecutively to the term of imprisonment imposed in Case No. 1:24-CR-109, and Harris County, Texas, Cause Nos. 184676301010 and 184676201010, with no additional term of supervised release to follow.

Consequently, incarceration appropriately addresses the Defendant's violation. Defendant was ordered to serve a 5-year term of supervised release in Case 1:24-CR-109, and therefore an additional term of supervised release is not warranted in this case. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 12 months with no supervised release to follow.

**VII. Recommendations**

The court should find that the Defendant violated a mandatory condition of release by committing a federal crime. *See* Gov't Ex. 1 (Judgment (Dkt. #655) in 1:24-CR-109 adjudicating Defendant guilty of 21 U.S.C. § 846 (Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of "Actual" Methamphetamine) and 21 U.S.C. § 841(a)(1) (Possession With Intent to Distribute and Distribution of 50 grams or More of "Actual" Methamphetamine)). The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 12 months' imprisonment to be served consecutively to the term of imprisonment imposed in Case No. 1:24-CR-109, and Harris County, Texas, Cause Nos. 184676301010 and 184676201010, with no additional term of supervised release to follow.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 25th day of September, 2026.

Zack Hawthorn
United States Magistrate Judge